KUHN, J.,
dissenting in part.
Jjl am compelled to dissent from that portion of the majority opinion that affirms the trial court’s disqualification of the plaintiff, even though elections in our circuit courts of appeal have perhaps traditionally yielded the election of judges to the district in which they are domiciled. But our role as judges is simply to interpret the law, i.e., in this case, very clear constitutional provisions, and not to interject personal beliefs or opinions into the equation. To do so would turn our appellate courts into policy courts, which they certainly are not. Here, the majority drifts off into substituting its logic or view of tradition for the clear language of the constitution.
Judge Guidry’s well-reasoned dissent is an appropriate analysis of the constitution and points out soundly the clear language therein that sets forth the qualifications of circuit court of appeal judges. When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1, 7. Certainly, legislation and law | ¿review articles cannot be used to “explain” what the constitution means or how it should be read; the majority falls into *1163 error in using La. R.S. 13:312.1 and the cited law review article to interpret our constitution.
Likewise, it is neither helpful nor appropriate to consider, even unconsciously, the traditions of past elections. While I may like to accept and follow tradition, my role as a judge in this case does not allow this. Further, it seems that the dilemma brought into focus in this suit will not practically or politically occur in other circuits.
If the Supreme Court should choose to enunciate a policy concerning the constitutional issues in this case, that is in fact the role of that court but not that of this court.